Fremont-Smith, Thayer, J.
By its amended complaint, plaintiffs ask for declaratory relief requiring the City of Somerville to certify signatures for a non-binding referendum in the next municipal election (2007) *640 pursuant to G.L.c. 53, §18A and c. 56, §59. The question they seek a referendum on is whether the City-should be investing in Israeli bonds and in corporations which supply weapons and construction equipment used by Israel to expand its settlements in Palestine.
Plaintiffs allege that the Somerville Election Commission has, for political reasons, thwarted plaintiffs’ efforts to provide the required number of signatures (10% of all registered voters in the City) on its petition, by refusing to accept signatures except on its own petition forms, which, plaintiffs complain, inaccurately summarize the substance of plaintiffs’ proposed referendum.[1]
In considering whether to dismiss the amended complaint for failure to state a claim, the Court notes that the complaint lacks any allegation that plaintiffs ever filed, with the City’s Registrar of Voters, a petition signed by at least 10% of the registered voters of the City, as required under Chapter 53, §18A.
Plaintiffs contend that the forms prescribed by the City misstate the substance of the referendum that they sought, and that they were deterred from filing additional signatures on their own petition form because a City official advised them by telephone that such signatures would not be accepted by the Registrar of Voters.[2] The fact remains that the complaint fails to allege that it ever sought to file with the City the signatures of at least 10% of the registered voters on any petition form, as required by the statute, or fails even to allege that plaintiffs would have been able to file a sufficient number of signatures but for the Cily’s purported statement that it would refuse to certify them if they were filed.
Accordingly, unless and until plaintiffs can truthfully allege they have filed, or at least attempted to file, such a petition with legally gathered signatures (see footnote 3) which the City has refused to accept or certify, there is “no case or controversy,” and plaintiffs amended complaint fails to state a claim for which relief can be granted.

ORDER

Therefore, the motion to dismiss is ALLOWED for failure of the amended complaint to state a claim for which relief can be granted, and the action is DISMISSED without prejudice. The dismissal, however, is without prejudice to the plaintiffs’ subsequent filing of a new action if and when they are able to allege that a petition signed by at least 10% of the registered voters of the City, properly collected,[3] has been filed, or has at least been attempted to be filed, with the Registrar of Voters, pursuant to Chapter 53, §18A.

Somerville’s mandated form would request a referendum on the question of whether the City should invest in Israeli bonds, but not on Somerville’s investment in corporations which supply weapons and construction equipment to Israel, which plaintiffs wish to be included in the referendum question.

In its papers, the City denies that it ever so informed plaintiffs.

I agree with Judge Houston’s mling, in denying plaintiffs’ motion for a preliminary injunction, that the signatures cannot properly be collected until after the 10-taxpayer petition provided for by Chapter 53, §18A has been rejected by the governing body of the City. I do not agree, however, with his dictum that plaintiffs should be required to use the prescribed signature forms even if, as alleged, they incorrectly describe the substance of the proposed referendum.